**Demesi KEDEI; Lite Rokosipo Kedei, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Nos. 03–70694.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2004.

Decided July 30, 2004.

Ashwani K. Bhakhri, Esq., Burlingame, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Douglas E. Ginsburg, U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM *

Married petitioners Demesi Kedei ("Kedei") and Lite Rokosipo Kedei are natives and citizens of Fiji who seek asylum and withholding of removal. Immigration Judge ("IJ") Dana Marks Keener denied relief, and the Board of Immigration Appeals affirmed without opinion. We review the IJ's decision directly as it is the final agency determination, *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003), and we deny the petition for review.

Kedei is the lead petitioner and was the only witness at the petitioners' asylum

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

hearing. He testified that his mother is a Solomon Islander, and that he was persecuted in Fiji by members of his own family because of his mixed ethnic background. The IJ denied relief after finding Kedei not to be credible. We deny the petition for review because the IJ's adverse credibility finding is supported by substantial evidence. *See Wang v. INS,* 352 F.3d 1250, 1253 (9th Cir.2003).

Kedei checked "No" on his asylum application when asked if he had been mistreated by a group the Fijian government was unable or unwilling to control, and, as bases for his asylum claim, he cited only the May 2000 coup, poor economic conditions, and his sympathy for Indo–Fijian family members. Kedei never mentioned his mother's Solomon Islander background or his family's threats. His testimony that he completed the asylum application without an attorney does not provide an adequate explanation for the failure to mention that his family threatened him repeatedly over the course of thirteen years.

This is not a case where discrepancies may be attributed to an unscrupulous preparer, or where the asylum application is lacking only in detail. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003) (explaining that inconsistencies due to an unscrupulous preparer do not provide an adequate basis for an adverse credibility finding); *Aguilera–Cota v. INS,* 914 F.2d 1375, 1382 (9th Cir.1990) (holding that the failure to list two collateral incidents on an asylum application did not provide substantial evidence for an adverse credibility finding). Kedei filled out his asylum application himself, he checked that he is fluent in English and later testified in English, and the differences between his application and oral testimony go to the heart of his claim. Accordingly, we hold that the IJ's adverse credibility finding is supported by substantial evidence.[1] *See Valderrama v. INS,* 260 F.3d 1083, 1085 (9th Cir.2001) (per curiam) (holding that substantial evidence supported an adverse credibility finding where the petitioner's two asylum applications differed significantly regarding past persecution); *see also Ceballos–Castillo v. INS,* 904 F.2d 519, 520 (9th Cir.1990) (holding that substantial evidence supported an adverse credibility finding where, *inter alia,* the petitioners claimed guerrilla persecution on their asylum applications but later claimed government persecution).

**PETITION DENIED.**

---

1. We do not address the additional reasons given by the IJ for her adverse credibility finding, nor do we address the issues of voluntary departure and Convention Against Torture ("CAT") relief. We lack jurisdiction to review the denial of voluntary departure, *Al-varez–Santos,* 332 F.3d at 1255, and petitioners have not challenged the denial of CAT relief on appeal. *See Hakeem v. INS,* 273 F.3d 812, 815 n. 2 (9th Cir.2001) (declining to review CAT claim not pursued on appeal).